UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| ALBERTA CAMPBELL, on behalf of herself and others similarly situated, | |
| Plaintiff, | CIVIL ACTION NO. _____ |
| v. | JURY TRIAL DEMANDED |
| MIDDLE KENTUCKY COMMUNITY ACTION PARTNERSHIP, INC. | |
| Defendant. | |

**COLLECTIVE / CLASS ACTION COMPLAINT**

Plaintiff Alberta Campbell ("Plaintiff") brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), on behalf of herself and others similarly situated.

**INTRODUCTION**

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a), and KRS 337.385.

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707–08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case, Middle Kentucky Community Action Partnership, violated the FLSA and Kentucky law by failing to pay Plaintiff and others similarly situated time and one-half for all of their hours worked over forty (40) in a work week.

**PARTIES**

7. Middle Kentucky Community Action Partnership, Inc. is a non-profit organization established to provide services to low-income families in Eastern Kentucky.

8. Defendant's organization provides assistance to low-income families with childcare, workforce, and healthcare assistance, in addition to, low income home energy assistance.

9. Defendant's main office is located at 171 Howell Heights, Jackson, Kentucky 41339 and can be served through its registered agent Curtis Davis located at the same office.

10. Defendant employed Plaintiff as a transportation driver from June 2015 until November 2019.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

13. This Court has jurisdiction over the Kentucky Overtime Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's Kentucky Overtime Claims.

14. Venue is proper in the Eastern District of Kentucky because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' principal place of business is located in this District.

## COVERAGE

15. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

16. At all material times during the last three years, Defendant was an "employer" as defined by 29 U.S.C. § 203(d).

17. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

19. Defendant has a common pay policy and/or pay practice which fails to pay certain non-exempt employees at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

20. Defendant has a longstanding policy of misclassifying certain of its employees as exempt from overtime.

21. Plaintiff was hired as a transportation driver in June 2015 at an hourly rate of $10.10 per hour. At the end of her employment, Plaintiff made $11.56, per hour.

22. Plaintiff's schedule varied, but she generally began working at or around 4:30 a.m. and worked until or around 4:30 p.m. Plaintiff worked weekdays also worked Saturdays every five weeks.

23. In her position as transportation driver, Plaintiff's job duties included transporting clients to doctor offices, clinics, and hospitals.

24. Plaintiff's job duties did not include exempt work.

25. Plaintiff was not exempt from overtime.

4

26.     Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

27.     Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half of her/their regular rate of pay for hours worked over forty (40) in a workweek.

28.     Instead of paying Plaintiff overtime compensation, Defendant forced Plaintiff to "bank" her overtime hours for later use as vacation time.

29.     Upon information and belief, Defendant had/has a company-wide policy of failing to pay certain non-exempt employees proper overtime compensation for all of their overtime hours worked.

30.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to her.

31.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

32.     Defendant has acted willfully in failing to pay Plaintiff, and those similarly situated to him, in accordance with the law.

33.     Plaintiff brings a collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former, of Defendant who worked at Middle Kentucky Community Action Partnership, at any time during the three year period before this Complaint was filed up to the present.

34. Likewise, Defendant's policy of failing to pay employees similarly situated to Plaintiff at a rate of one and one-half their regular rate of pay for all hours worked over forty in a workweek violates KRS 337.285

35. Thus, Plaintiff further complains on behalf of herself and a class of other similarly situated current and former employees of Defendant, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendant for hours/weeks of work for which they did not receive a rate of one and one-half their regular rate of pay for all hours worked over forty in a workweek, in violation of KRS 337.285 ("Kentucky Overtime Claims").

**COUNT I - RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

36. Plaintiff reincorporates and readopts all allegations contained within the preceding Paragraphs above.

37. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

38. Defendant misclassified Plaintiff as exempt from overtime compensation.

39. During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

40. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

42. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II - RECOVERY OF OVERTIME COMPENSATION UNDER KRS 337.285**

43. Plaintiff reincorporates and readopts all allegations contained within the preceding Paragraphs above.

44. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

45. During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

46. Plaintiff is not exempt from receiving overtime compensation.

47. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the KRS 337.010 *et seq.*, Plaintiff is entitled to liquidated damages.

49. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COLLECTIVE ACTION ALLEGATIONS**

50. Plaintiff reincorporates and readopts all allegations contained within the preceding Paragraphs above.

7

51. As part of its regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

52. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

53. Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

54. Defendant has classified and continues to classify Class Members as exempt from overtime.

55. Class Members are not exempt from receiving overtime pay under the FLSA.

56. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as exempt and/or the denial of overtime.

57. Defendant's failure to pay overtime compensation rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

58. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of Class Members.

59. The experiences of Plaintiff, with respect to her job duties, are typical of the experiences of Class Members.

60. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

61. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

62. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

63. The Plaintiff and the Class Members held the same job title: transportation driver.

64. The Defendant has classified all of their transportation drivers as exempt since at least May 15, 2017.

65. As such, the class of similarly situated Plaintiff is properly defined as follows:

> **The FLSA Collective Members are all of Defendant's current and former transportation drivers who worked for Defendant at any time during the three years before this Complaint was filed up to the present.**

## KENTUCKY CLASS ACTION ALLEGATIONS

66. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

67. Plaintiff brings her Kentucky Overtime Claims on behalf of all persons who were employed by Defendant at any time since May 2015, to the entry of judgment in this case (the "Kentucky Class Period"), who were "transportation driver" employees and who have not been paid at time and one-half their regular rate of pay for all hours worked over forty in a workweek, as required, in violation of KRS 337.285 (the "Kentucky Class").

68. The persons in the Kentucky Class identified above are so numerous that joinder of all members is impracticable.

69. The claims of Plaintiff are typical of the claims of the Kentucky Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy –particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

70. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

71. Specifically, Defendant failed to pay all of its transportation driver employees, including Plaintiff, overtime compensation as required by KRS 337.285.

72. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members. Accordingly, the "Kentucky Class Members" are properly defined as:

> **All of Defendant's current and former transportation driver employees who worked for Defendant at any time during the five (5) years before this Complaint was filed up to the present.**

73. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

74. Plaintiff has the same interests in this matter as all other members of the Kentucky class and Plaintiff's claims are typical of the Kentucky Class.

75. There are questions of law and fact common to the Kentucky Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendant employed the members of the Kentucky Class within the meaning of KRS 337.285;

10

  b.  whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Kentucky Class;

  c.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

  d.  whether Defendant misclassified their employees as exempt;

  e.  whether Defendant failed and/or refused to pay the members of the Kentucky Class overtime pay in one or more workweeks;

  f.  whether the Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

  g.  whether the Defendant should be enjoined from such violations of KRS 337.285 in the future.

**WHEREFORE**, Plaintiff and the Class Members demand judgment against Defendant for:

  a.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

  b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

  c.  Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage

11

provisions of the FLSA;

      d.      Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

      e.      The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate them;

      f.      Liquidated damages in an amount equal to all owed wages;

      g.      Reasonable attorneys' fees and costs incurred in this action;

      h.      Pre- and post-judgment interest as provided by law;

      i.      Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff and Class Members hereby demand trial by jury.

Respectfully submitted,

*s/J. Corey Asay*
J. Corey Asay
Morgan & Morgan, P.A.
333 W. Vine Street, Suite 1200
Lexington, KY 40507
T: (859) 286-8368
F: (859) 286-8384
E: CAsay@forthepeople.com

*Counsel for Plaintiff and the Putative Class*